UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KWAME GAINES,<br><br>    Plaintiff,<br><br>v.<br><br>KATHERINE MANZANITAS, HOME ASSOCIATION, OWNER MANAGER OF UNIT 1167,<br><br>    Defendants. | Case No. 2:21-cv-02029-APG-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1 and 1-1. Plaintiff's IFP application is complete and is granted, but Plaintiff's Complaint fails to state any claim upon which relief may be granted.

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Finding Regarding Plaintiff's Complaint**

Plaintiff's Complaint identifies one defendant—a woman named Katherine—who is apparently the manager of the homeowner's association at Manzanitas. Plaintiff appears to argue two of his cars were towed and he was evicted from an address by Katherine. However, Plaintiff's allegations fail to state a claim upon which relief may be granted.

To state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988). With respect to the second element of the § 1983 test, Plaintiff's allegations regarding his supposed eviction and towing of his cars, to the extent they are understood by the Court, include no facts supporting the conclusion that either claim states a violation of rights secured by the Constitution or laws of the United States. *See Tornheim v. Eason*, 363 F.Supp.2d 674, 677 (S.D.N.Y. 2005) (in which a sheriff's department executes an order to evict, there is no violation of federal or constitutional law).

With respect to the first element of the § 1983 test, a plaintiff may attribute a private actor's conduct to the State under one of three theories: the "state compulsion" test, also known as the "government nexus" test; the "joint action" test; or the "public functions" test. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812, 816 (9th Cir. 2010); *see also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (state compulsion); *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (public functions). Here, while Plaintiff asserts that Defendant was acting under color of state law, he pleads

2

no facts to support this conclusory assertion. In sum, Plaintiff's conclusory allegations are insufficient to support a § 1983 claim.

### III.  Order

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

### IV.  Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice to allow Plaintiff to bring his claims in State Court if he chooses to do so. Plaintiff's alleged wrongful eviction claim and contentions that his cars were towed may allege state law claims, but there is no factual basis for a Constitutional violation or violation of federal law that would bring this claim within the confines of 42 U.S.C. § 1983.

Dated this 22nd day of November, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).